CATHARINE SCHWARZ *et al. v.* NATHAN SEARS *et al.*

Where, on a reference to a Master to ascertain the amount due on a mortgage, the mortgagor appeared before the Master, and at first refused to take a part in the proceedings, but after remaining in the Master's office for an hour or more, and before the opposite party had left, offered to prove certain payments on the mortgage, and the Master refused to hear the testimony, on the ground that his report was closed, or that it was then too late, the Court decided that the Master should have heard the testimony offered.

Where a Master has erroneously refused to receive testimony, a motion should be made for an order requiring him to receive it; and this should be done immediately, and without waiting for him to make his report.

The Master should in such case, at the request of either party, make out and deliver to the party requiring it, a certificate stating briefly the facts of the case, and his reasons for rejecting the testimony; that the Court may review his decision with as little delay as possible.

Exceptions to a Master's report, are proper only where the Master has come to an erroneous conclusion, either of law or fact, on the whole or some part of the evidence before him, touching the subject matter of the reference.

The admissions in a bill or answer, to be conclusive on the party making them, must be full and unequivocal. They must not be inferred from other admissions, unless the express admission is so closely connected with the one to be inferred, that to disprove the latter would disprove the former.

THIS was a motion to set aside a Master's report, for irregularity.

The complainants had filed their bill to have a statutory foreclosure of a mortgage declared null and void, and to redeem the mortgaged premises. The bill was taken as confessed against the defendants, who afterwards obtained an order of reference to a Master to compute and ascertain the amount due on the mortgage. The Master assigned a day to hear the parties, and, at the time appointed, Schwarz and his Solicitor appeared. At first

they objected to taking any part in the proceedings before the Master, alleging that they were dissatisfied with the reference; but after remaining in his office about an hour, and conversing on the several payments that had been made on the mortgage, Schwarz, by his Solicitor, proposed to prove before the Master that more payments had been made on the mortgage, by the complainants, than the several payments stated by them in their bill of complaint. The Master refused to receive the testimony; and stated, as a reason for doing so, that his report was closed, or that it was then too late.

*A. D. Fraser*, for complainants.

*Witherell & Buel*, for defendants.

THE CHANCELLOR. The Master erred, in refusing to receive the evidence offered by the complainants. Schwarz and his Solicitor were dissatisfied with the reference, and did not intend, when they went to the Master's office, to take any part in the proceedings; but they came to a different conclusion, before leaving it, and while the defendants' counsel was still present. I think the Master should, therefore, have heard the testimony. It was clearly competent for him to have done so. It was the first appearance of the parties before him, and the proceedings had not advanced so far as to render it improper.

But it is insisted, by the counsel for the defendants, that the complainants cannot take advantage of the Master's error on this motion; first, because they have not excepted to the report, and secondly, because they have, by setting out various payments in their bill, precluded themselves from showing other payments; or, in other words, admitted the balance, after deducting these payments, to be the amount due on the mortgage.

When the Master has erroneously refused to receive testimony, as was the case in the present instance, a motion should be made for an order requiring him to receive it. This should be done immediately, and without waiting for him to make his report; and the Master, at the request of either party, should make and deliver to such party a certificate stating briefly the facts of the case, with his reasons for rejecting the testimony, that the Court may review his decision with as little delay as possible. See *Hoff. Mast. in Chan.* 58–59 ; and cases there cited. Exceptions to the report are proper only where the Master has come to an erroneous conclusion, either of law or fact, on the whole or some part of the evidence before him touching the subject matter of the reference. *Tyler* v. *Simmons*, 6 *Paige R.* 127. When a witness is improperly rejected, the evidence he might have given is not taken into account by the Master in making up his report, nor is it by the Court, in reviewing on exceptions the correctness of the conclusions the Master has come to from the evidence before him. The Court will not hear evidence that was not before the Master, nor undertake to decide a different case, or what the Master's report should have been on a different state of facts.

With regard to the second objection, it would be a sufficient reason for refusing to send the report back to the Master to be reviewed by him, if the complainants had stated in their bill a certain sum to be due on the mortgage ; or if, after setting forth the various payments, they had gone on to state they were the *only* payments, or *all* of the payments that had been made on the mortgage. There would then have been a clear and full admission of the amount due, or of all the facts necessary to ascertain it.

The admissions of a party, in a bill or answer, to be

conclusive on the party, must be full and unequivocal. They must not be inferred from other admissions, unless the express admission is so closely connected with the one to be inferred, that to disprove the latter would disprove the former. It has already been stated there is no direct admission in the complainants' bill of the amount due on the mortgage. It is, however, to be inferred, from the various payments stated in the bill of complaint, that the amount due is the balance which will remain, after deducting these payments from the amount for which the mortgage was given. But this may, or may not be true; and to disprove it would not contradict any allegation of the bill. The complainants therefore should not be precluded from showing other payments, in addition to those stated, if they can establish such payments by clear and unquestionable proof. At the same time, the Court will not disregard the strong presumption arising against such payments from the complainants' own statement of their case; and must be satisfied beyond a reasonable doubt that they have been made, before allowing them.

The proceedings before the Master were regular, and the motion to set aside the report for irregularity must be denied; but as the Master erred in refusing to hear the complainants' testimony, an order may be entered for him to review his report.